IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.: 23-cr-31-wmc

HRIDINDU SANKAR
ROYCHOWDHURY,

Defendant.

## PLEA AGREEMENT

1.  This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.  **PLEA AND PENALTIES:** The defendant agrees to plead guilty to the one-count indictment. This count charges a violation of Title 18, United States Code, Section 844(i), which carries a mandatory minimum penalty of five years in prison, and maximum penalties of 20 years in prison, a $250,000 fine, a three-year period of supervised release, a $100 special assessment, and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.  **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.  **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On May 2, 2022, media organizations published a draft opinion in *Dobbs v. Jackson Women's Health Organization*, overruling *Roe v. Wade*.

On Sunday, May 8, 2022, at approximately 6:06 a.m., Madison Police Department police officers responded to an active fire at an office building located in Madison, Wisconsin in the Western District of Wisconsin. A civilian who observed flames coming from a window called 911.

Upon arrival at the location, officers observed a fire in an office on the northwest corner of the building. On the north-facing side of the building, officers observed a broken window- it was the third window from the west end, facing the driveway. Inside the office, books lined up adjacent to the window were smoking and burning with small flames. A mason jar was located directly under the area where the books were on fire. A red handkerchief was wrapped around the edge of the windowpane glass as if it was used to pry the broken glass from the window.

Officers walked the perimeter of the building and on the west side observed large black words spray painted in cursive style writing and stating, "If abortions aren't safe then you aren't either."

The Madison Fire Department responded, extinguished the fire, and gained access to the interior of the building. Officers also went inside the building. Once inside the building, officers found a mason jar under the window; the jar was broken, and the lid and screw top were burned black. Officers also found a purple disposable lighter near the mason jar. On the opposite wall from the window, officers found another mason jar with the lid on, and a blue cloth tucked into the screw top, with one edge slightly singed. The jar was about half full of a clear fluid that smelled like an accelerant, possibly kerosene. This item is commonly known as a "Molotov cocktail."

The Certified Fire Investigator conducted an Origin and Cause investigation at the location, and determined that the fire was caused by the application of an open flame to flammable/combustible vapors and was therefore classified as incendiary.

The fire occurred in an office suite occupied by ORGANIZATION A. The individual office affected by the fire belonged to the president of ORGANIZATION A. ORGANIZATION A maintains a website and uses social media to promote its social agenda to civilians and government entities.

Fire investigators collected various items of evidence from the scene. The items were sent to the ATF laboratory for further analysis. A forensic biologist located three different DNA profiles on evidence collected by investigators at the scene.

The defendant's DNA profile was present on DNA swabs taken from the top and bottom of the window glass, swabs from the exterior of the glass jar, swabs from the body of the lighter as well as swabs of the black and silver top of the lighter, including the ignition wheel and button of the lighter, and swabs from the exterior of the Molotov cocktail, and the blue cloth used in that Molotov cocktail. A second person's DNA profile was present on DNA swabs taken from the red handkerchief, and swabs from the threaded rim of the glass jar and interior of the screw cap piece of the lid from the Molotov cocktail, swabs from the exterior of the Molotov cocktail, and the blue cloth utilized in that Molotov cocktail, and two human hairs from the blue cloth. A third DNA profile discovered during the forensic process indicates that an unknown profile, appears to be present on swabs from the red handkerchief, and swabs from the threaded rim of the glass jar and interior of the screw cap piece of the lid from the Molotov cocktail, and the blue cloth utilized in that Molotov cocktail.

The defendant was arrested on March 28, 2023 on a federal criminal complaint. Shortly thereafter, officers executed a search warrant at the defendant's residence in Madison and in the garage, found two Molotov cocktails similar to those found at ORGANIZATION A.

Further investigation revealed that the defendant and at least one person maliciously damaged by means of fire ORGANIZATION A, which is real property used in interstate commerce and in activity affecting interstate commerce. The defendant and at least one person traveled to the location of ORGANIZATION A and brought the Molotov cocktails and spray paint to the location. Once at the real property housing ORGANIZATION A, the defendant spray painted graffiti on the wall, broke a window, and threw a Molotov cocktail into the office. He then poured out the contents of the second Molotov cocktail onto the windowsill and ignited it.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before November 17, 2023.

8. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

9. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

10. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

11. **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

12. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

13. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

November 20, 2023
Date

By: *Elizabeth Altman*
ELIZABETH ALTMAN
Assistant United States Attorney

11/16/23
Date

JOSEPH A. BUGNI
Attorney for the Defendant

Nov 16, '23
Date

HRIDINDU SANKAR ROYCHOWDHURY
Defendant

5

## ACKNOWLEDGEMENTS

I, HRIDINDU SANKAR ROYCHOWDHURY, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_Nov 16 '23_
Date

_/s/_
HRIDINDU SANKAR ROYCHOWDHURY
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_11/16/23_
Date

_/s/_
JOSEPH A. BUGNI
Attorney for Defendant

6